**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4435**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

THOMAS J. WACKMAN, a/k/a Reef,

     Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:06-cr-00427-WDQ-5)

Submitted: December 3, 2009   Decided: January 4, 2010

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John L. Machado, LAW OFFICE OF JOHN MACHADO, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. Wackman timely appeals the district court's judgment following a jury trial on one count of conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (2006). On appeal, Wackman argues that: (1) the district court erred in denying his motion for a mistrial; (2) the district court erred in admitting hearsay testimony and evidence based on hearsay; and (3) the district court erred in enhancing his sentence. Finding no reversible error, we affirm.

I.

Wackman first argues that the district court erred in denying his motion for a mistrial on the basis that the Government improperly vouched for a cooperating witness's credibility. We review the district court's denial of a motion for mistrial for abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008). The district court's denial "will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997).

The first step in analyzing an improper vouching claim is determining "whether the comments made in fact constituted

2

vouching." <u>United States v. Sanchez</u>, 118 F.3d 192, 198 (4th Cir. 1997).

> Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness. [P]resenting evidence on a witness' obligation to testify truthfully pursuant to an agreement with the government and arguing that this gives the witness a strong motivation to tell the truth is not, by itself, improper vouching. Reference to a plea agreement becomes impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony.

<u>United States v. Jones</u>, 471 F.3d 535, 543 (4th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted).

During the witness's testimony, the prosecutor questioned the witness about her understanding of her plea agreement. The prosecutor then asked whether the witness had met with the agents and prosecutor involved in the case and whether she was given any money or anything of value during the meetings. At this point, Wackman's counsel moved for a mistrial, arguing that the Government improperly vouched for the witness's credibility by inference. The district court denied Wackman's motion. We find that the district court did not abuse its discretion in denying Wackman's motion. The prosecutor's questions did not suggest any personal belief about the witness's credibility nor did the prosecutor imply that the

3

Government could monitor and verify her truthfulness.  In short, the prosecutor's questions simply did not constitute vouching.

II.

Wackman next contends that the district court improperly allowed hearsay testimony and evidence based upon hearsay.  Because Wackman did not object to the testimony or the physical evidence at trial, we review their admission for plain error.  United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006).  To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights," meaning that it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 732 (1993).  We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736 (alteration in original) (internal quotation marks omitted).

Wackman first argues that Officer Scott Doyle's testimony regarding what led him to obtain a search warrant of Apartment 4 at 506 West John Street ("John Street apartment") was hearsay.  Hearsay, an out of court statement "offered in evidence to prove the truth of the matter asserted," is

4

generally not admissible in federal court. Fed. R. Evid. 801(c), 802. "However, an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985).

Officer Doyle testified that he obtained a search warrant for the John Street apartment based on a call from the apartment's landlord, in which the landlord reported that he found marijuana in plain view when serving an eviction notice. We find that Officer Doyle's testimony regarding the landlord's report was not offered to prove that the landlord in fact found marijuana in the apartment, but was offered to explain how Officer Doyle learned of the apartment and the basis for the search warrant. Therefore, Officer Doyle's testimony was not hearsay and the district court did not err, much less plainly err, in admitting the testimony.

Wackman also argues that Officer Doyle's testimony about the eviction was hearsay, as was his testimony regarding the renter of the John Street apartment. We find that Officer Doyle's testimony that the landlord was evicting the John Street apartment's occupants was not offered to prove that the occupants were being evicted and was thus not hearsay. With regard to the renter of the John Street apartment, Officer Doyle testified that Antonio Johnson was listed as the renter on the

5

lease and that he "had been told from several people that they believed Antonio Johnson was, in fact, Mr. Wackman." Although it appears that the Government offered the statement for the truth of the matter asserted – that Wackman was Antonio Johnson, renter of the John Street apartment – we conclude that the admission of this statement did not affect Wackman's substantial rights, as there was other admissible evidence connecting Wackman to the John Street apartment.

Finally, Wackman argues that Exhibit 10, ammunition found in the John Street apartment, was admitted through hearsay because Officer Doyle explained that a portion of the ammunition was found in the John Street apartment by the landlord. Specifically, Officer Doyle testified that Exhibit 10 contained "magazines with rounds in them that were located in the residence [during the execution of the search warrant], as well as ammunition that was found in the residence, and some ammunition that had been brought to us the following day that was located." Officer Doyle further testified that the ammunition brought to the police the day after the search warrant was executed was found by the landlord while working on the apartment. Even if Officer Doyle's explanation that a portion of the ammunition included in Exhibit 10 had been found in the apartment by the landlord constituted hearsay, we find no reversible error, particularly under a plain error standard of

review.  Simply stated, Wackman's substantial rights were not infringed because the ammunition turned over to the police by the landlord was simply cumulative of the other ammunition and weapons previously located by the police during their search pursuant to a valid warrant.

## III.

Lastly, Wackman argues that the district court erroneously enhanced his sentence two levels, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2007). Generally, "[a] district court's findings regarding sentence enhancement are factual in nature and are reviewed only for clear error." United States v. Carter, 300 F.3d 415, 426 (4th Cir. 2002).  However, because Wackman failed to object to the enhancement in the district court, this court reviews for plain error.  United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998).

Pursuant to USSG § 2D1.1(b)(1), a two-level enhancement is warranted if a dangerous weapon was possessed during the conspiracy.  The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  USSG § 2D1.1, cmt. n.3. Wackman contends that there was not a sufficient nexus between himself and the John Street apartment where the weapons and

7

ammunition were found to justify the enhancement. However, testimony from a cooperating witness established that Wackman possessed a gun during their travels between New York and Maryland to pick up drugs. Wackman did not introduce any evidence that it was clearly improbable that the gun was connected to his drug activity. Therefore, we find that the district court did not err in enhancing Wackman's sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED